```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA

HENRY WILSON,                        :    CIVIL ACTION
                                     :    NO. 12-4489
          Petitioner,                :
                                     :
     v.                              :
                                     :
PENNSYLVANIA BOARD OF PROBATION      :
AND PAROLE, et al.,                  :
                                     :
          Respondents.               :
```

M E M O R A N D U M

EDUARDO C. ROBRENO, J.                              April 12, 2013

Henry Wilson ("Petitioner") is serving a ten- to twenty-year state prison sentence for rape. Petitioner filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 ("Habeas Petition," ECF No. 1) challenging the execution of his sentence.[1] U.S. Magistrate Judge Rueter recommended denial of the Habeas Petition (ECF No. 11), and Petitioner objected (ECF No. 14) and improperly filed a Motion to Expand the Record (ECF No. 12), requesting the production of statistical data. For the reasons that follow, the Court will overrule Petitioner's objections, deny and dismiss the Habeas Petition, and deny the Motion to Expand the Record.

---

[1] Federal prisoners, to the contrary, must pursue any challenges to the execution of a sentence under 28 U.S.C. § 2241. See Coady v. Vaughn, 251 F.3d 480, 485-86 (3d Cir. 2001).

I.  BACKGROUND

On October 27, 1995, Petitioner was convicted of rape in the Court of Common Pleas of Montgomery County, Pennsylvania, and was sentenced to a term of imprisonment of ten to twenty years. Gov't's Ans. Ex. A, Barkley Decl. Attachment 1, ECF No. 8-1.[2] Petitioner's minimum release date was December 2, 2011, and his maximum release date became December 2, 2021. Id.

While Petitioner was serving his sentence, the Pennsylvania General Assembly amended the Parole Act, 61 Pa. Stat. Ann. §§ 331.1-331.4a (current version at 61 Pa. Cons. Stat. Ann. §§ 6101-6102, 6111-6124, 6131-6143, 6151-6153 (West 2012)), which governs parole decisions in Pennsylvania, to make public safety the primary consideration in determining whether to grant parole to an otherwise-eligible prisoner, see Act of December 18, 1996, P.L. 1098, No. 164 § 1 (hereinafter, "the 1996 Amendments").

Also while Petitioner was serving his sentence, the General Assembly enacted a statute requiring certain convicted sex offenders to participate in counseling programs to become

---

[2]  Defendant has five prior convictions of a sexual nature. He was convicted of indecent assault in 1976; corruption of minors in 1978; rape in 1981 and 1984; and rape, burglary and indecent assault in 1986. Id. Petitioner was on parole from his sentence for the 1986 conviction when he committed the act applicable to his present conviction. Id. Ex. A, Attachments 2-4.

2

eligible for parole. See Act effective Dec. 20, 2000, 2000 Pa. Legis. Serv. 2000-98 (West) (codified as amended at 42 Pa. Cons. Stat. Ann. § 9718.1 (West 2012)). Section 9718.1 provides that certain sex offenders must "attend and participate in a Department of Corrections program of counseling or therapy designed for incarcerated sex offenders if the person is incarcerated in a State institution for [certain enumerated sex offenses]." 42 Pa. Cons. Stat. Ann. § 9718.1(a). An offender who is required to participate in such a program "shall not be eligible for parole" unless he (1) serves the minimum term of imprisonment; (2) participates in a sex offender program; and (3) agrees to special conditions of parole. Id. § 9718.1(b)(1). The Pennsylvania Department of Corrections develops and provides the sex offender program ("SOP") and, in its "sole discretion" determines its "contents and administration, including the scheduling of an offender's attendance and participation." Id. § 9718.1(c).

After Petitioner served the minimum term of imprisonment, the Pennsylvania Board of Probation and Parole ("Parole Board") denied Petitioner parole. Gov't's Ans. Ex. A, Barkley Decl. Attachment 5. The Parole Board's stated reasons included: (1) Petitioner's "need to participate in and complete additional institutional programs"; (2) Petitioner's "risk and needs assessment indicating [his] level of risk to the

3

community"; (3) the Department of Correction's negative recommendation; and (4) "reports, evaluations, and assessments/level of risk indicate [Petitioner's] risk to the community." Id. The Parole Board further noted that, at Petitioner's next interview in or after August, 2013, it would consider whether Petitioner "ha[s] successfully participated in" or "successfully completed a treatment program for sex offenders," whether he "received a favorable recommendation for parole from the Department of Corrections," and "whether [Petitioner has] maintained a clear conduct record." Id.

On December 28, 2011, Petitioner filed a Petition for Review in the Commonwealth Court of Pennsylvania to challenge the Parole Board's 2009 denial of parole, claiming only that the Board unconstitutionally required Petitioner to participate in a sex-offender treatment program pursuant to 42 Pa. Cons. Stat. § 9718.1 as a condition for early release on parole. See id. Ex. B., Pet. for Review, ECF No. 8-2. In an order dated February 27, 2012, the Commonwealth Court dismissed the Petition for Review. On March 12, 2012, Petitioner appealed to the Pennsylvania Supreme Court, which, on July 17, 2012, affirmed the Commonwealth Court's decision. See id. Ex. G, Wilson v. Pa. Bd. of Prob. & Parole, No. 26 MAP 2012 (Pa. July 17, 2012) (order affirming Commonwealth Court's order).

4

On August 7, 2012, Petitioner filed the instant Habeas Petition to further challenge the Parole Board's denial of parole. The Government answered, and the Court referred the matter to U.S. Magistrate Judge Rueter for a Report and Recommendation. On November 26, 2012, Judge Rueter issued a Report and Recommendation to dismiss the Habeas Petition. Petitioner objected and filed an improper Motion to Expand the Record, requesting relevant statistical data from the Parole Board. The matter is now ripe for review.[3]

## II. LEGAL STANDARD

A state prisoner who challenges the execution of his sentence must assert such challenge by writ of habeas corpus pursuant to 28 U.S.C. § 2254. See Coady, 251 F.3d at 484-85 (3d Cir. 2001) (holding that state prisoner's challenge to denial of parole must proceed under § 2254). The Court may refer a habeas petition to a U.S. Magistrate Judge for a report and recommendation. See Section 2254 R. 10 ("A magistrate judge may perform the duties of a district judge under these rules, as authorized under 28 U.S.C. § 636."); see also 28 U.S.C. § 636(b)(1)(B) (2012). A prisoner may object to the magistrate judge's report and recommendation within fourteen days after

---

[3] The Court has jurisdiction pursuant to 28 U.S.C. § 2254(a).

5

being served with a copy thereof. See 28 U.S.C. § 636(b)(1); E.D. Pa. L.R. Civ. P. 72.1(IV)(b). The Court must then "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Id.

**III. DISCUSSION**

Petitioner seeks a writ of habeas corpus to direct the Parole Board to re-adjudicate his parole application under the pre-1996 version of the Parole Act, excuse the requirement that he complete an SOP, grant parole, and release him immediately. Habeas Pet. 18. Petitioner asserts that the Parole Board violated the the Ex Post Facto Clause.[4] Habeas Pet. 8-12. The Court will deny and dismiss the Habeas Petition as meritless.

Petitioner argues that the Parole Board's decision violates the Ex Post Facto Clause because it retroactively applied the 1996 Amendments and § 9718.1 to increase his

---

[4] Petitioner's Habeas Petition failed to identify a specific law that the Parole Board applied to him in violation of the Ex Post Facto Clause. However, he clarifies in his reply to the Parole Board's Answer and in his objections to the Report and Recommendation that the Parole Board unconstitutionally applied the 1996 Amendments and § 9718.1 in denying him parole. Therefore, the Court will address these two variants of Petitioner's ex post facto claim.

punishment. Pet'r's Resp. 8-9. Under the Ex Post Facto Clause, "[n]o State shall . . . pass any . . . ex post facto Law." See U.S. Const. art. I, § 10, cl. 1. The Ex Post Facto Clause prohibits states from enacting any law that "imposes a punishment for an act which was not punishable at the time it was committed; or imposes additional punishment to that then prescribed." Weaver v. Graham, 450 U.S. 24, 28 (1981) (internal quotation marks omitted). A criminal law violates the Ex Post Facto Clause if the law (1) is retrospective and (2) disadvantages the offender. Richardson v. Pa. Bd. Of Prob. & Parole, 423 F.3d 282, 284 (3d Cir. 2005); see also Coady v. Vaughn, 251 F.3d 480, 488 (3d Cir. 2001). Retroactive changes in parole law may, in certain circumstances, constitute a violation of the Ex Post Facto Clause. See, e.g., Mickens-Thomas v. Vaughn, 321 F.3d 374, 384-85 (3d Cir. 2003).

Under the first prong of the analysis, whether the law in question is retrospective, Petitioner must show that the law was applied to him. As to the 1996 Amendments, it is unclear whether this is the case. But as to § 9718.1, Petitioner has failed to meet the requirement. "Standing alone, § 9718.1 merely requires that convicted sexual offenders attend an SOP in order to be eligible for parole." Newman v. Beard, 617 F.3d 775, 786 (3d Cir. 2010) (citation omitted). Notably, the Parole Board determined that Petitioner was eligible for parole despite his

7

failure to participate in an SOP. Therefore, § 9718.1 was not applied to him.

But assuming arguendo that the 1996 Amendments and § 9718.1 were given retrospective effect, Petitioner has failed to carry his burden as to the second prong of the analysis—that these changes in the law disadvantaged him. Under this prong of the Ex Post Facto Clause analysis, Petitioner "must show that as applied to his own sentence the law created a significant risk of increasing his punishment." Richardson, 423 F.3d at 284 (quoting Garner v. Jones, 529 U.S. 244, 255 (2000). "A speculative and attenuated possibility of increasing the measure of punishment is not enough for [Petitioner] to meet his burden." Newman, 617 F.3d at 785 (internal quotation marks omitted).

It is pure speculation whether the 1996 Amendments created a significant risk of increasing Petitioner's punishment. The Third Circuit has provided examples of the types of evidence that are helpful in proving such a risk:

> "[A] petitioner might compare the parole rates for prisoners with similar convictions before and after the 1996 Amendments, state whether the Parole Guidelines would indicate that the petitioner was a good parole candidate, or draw inferences from the statement of reasons provided by the Parole Board regarding the criteria used for the parole determination in that individual's case."

Richardson, 423 F.3d at 293. But Petitioner points to no evidence showing that, but for the Amendments' policy change

8

moving the focus of parole decisions to public safety, the Parole Board would have granted him parole. Petitioner has not proffered any evidence of comparators, evidence under the Parole Guidelines that he was a good candidate for parole, or inferences from the Parole Board's statement of reasons denying parole that such reasons would not be considered before 1996. Therefore, the 1996 Amendments did not create a significant risk of increasing Petitioner's punishment.

It is also pure speculation whether § 9718.1 created a significant risk of increasing Petitioner's punishment. Petitioner alleges that, but for § 9718.1, the Parole Board would have granted him parole notwithstanding his failure to participate in an SOP. But the Parole Board could have rested its decision on any of the five proffered reasons, including the Department of Correction's negative recommendation, thus diminishing the likelihood that the Parole Board relied on § 9718.1. Petitioner has failed to prove that he would have been paroled but for the application of § 9718.1.

**IV.   PETITIONER'S MOTION TO EXPAND THE RECORD**

Four days after Magistrate Judge Rueter filed the Report and Recommendation, Petitioner filed a Motion to Expand the Record (ECF No. 12) pursuant to Rule 7 of the Rules Governing Section 2254 Cases in the United States District

Courts.[5] In his motion, Petitioner requests that the evidentiary record be expanded to include:

1. Comparisons of parole rates for prisoners with multiple rape convictions before and after the 1996 Amendments took effect; and

2. The number of sex offenders who were denied parole because of a negative recommendation by the Department of Corrections for not completing an SOP, both before and after the 1996 Amendments took effect.

Rule 7 states, in relevant part: "If the petitioner is not dismissed, the judge may direct the parties to expand the record by submitting additional materials relating to the petition." R. Governing § 2254 Cases Rule 7(a). Because the Court will dismiss the Habeas Petition, this motion is moot.

Although Petitioner is requesting leave to expand the record, he does not attach any documents he now wishes to include as part of the record. Rather, Petitioner is requesting that the Parole Board collect and provide him with certain types of information. Accordingly, the Court will construe Petitioner's request as, more appropriately, a motion to compel discovery pursuant to Rule 6 of the Rules Governing Section 2254 Cases in the United States District Courts.

---

[5] Petitioner appears to have formulated this request after reviewing the deficiencies in his proofs, which were pointed out in Judge Rueter's Report and Recommendation.

10

Under Rule 6, Petitioner must provide reasons for the request and must specify the requested documents, not simply make a general request for statistics or numbers. See R. Governing § 2254 Cases 6. Even assuming that this request is timely, coming after the Parole Board's Answer and the issuance of the Report and Recommendation by Magistrate Judge Rueter, it still fails the particularized requirements under Rule 6.

Furthermore, Petitioner is essentially requesting that the Parole Board perform Petitioner's research under Richardson, 423 F.3d at 293, for him. The request seeks to impermissibly shift his burden of production to the Parole Board. Therefore, regardless of whether the Court interprets Plaintiff's request as a motion to expand the record or a motion to compel discovery, the Court will deny Petitioner's motion.

V.  **CERTIFICATE OF APPEALABILITY**

Upon entering a final order adverse to Petitioner, the Court must issue or deny a certificate of appealability. See R. Governing § 2254 Cases 11(a). The Court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2006). In this case, the Court will not issue a certificate of appealability because Petitioner has not "demonstrate[d] that reasonable jurists would find the district

court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

**VI.    CONCLUSION**

For the foregoing reasons, the Court will overrule Petitioner's objections, approve and adopt the Report and Recommendation, deny and dismiss with prejudice Petitioner's Habeas Petition, and deny Petitioner's Motion to Expand the Record. Finally, the Court will not issue a certificate of appealability.